UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MUECK, | No. 2:18-cv-2619-TLN-EFB P |
| Petitioner, | |
| v. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| HUNTER ANGLEA, | |
| Respondent. | |

Petitioner is a state prisoner who, proceeding without counsel, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He filed his petition on September 24, 2018. ECF No. 1. On October 1, 2018, the court directed respondent to submit an answer or a motion in response to the petition. ECF No. 8. On November 29, 2018, respondent filed a motion to dismiss ("motion") (ECF No. 14) wherein he argues that the immediate petition fails to raise a federal question. Petitioner filed an opposition on March 20, 2019 (ECF No. 20) and, accordingly, the motion is now ready for disposition.

<u>Background</u>

The California Court of Appeal recited the following procedural background:

> In February 2012, defendant pleaded guilty to offering to bribe a witness (§ 137, subd. (a)), and admitted two prior strike offenses. On June 4, 2012, he was sentenced to 25 years to life in state prison.

> In July 2014, defendant filed a petition to recall his sentence and for resentencing pursuant to section 1170.126.
>
> Later in July 2014, the Proposition 36 court determined that defendant had presented a prima facie case for relief and set the matter for a qualification hearing.
>
> In October 2014, the Proposition 36 court referred the matter to probation for an updated report for resentencing.
>
> On November 4, 2014, California voters approved Proposition 47, which took effect November 5, 2014 (Cal. Const., art. II, §10, subd. (a).)
>
> On November 14, 2014, the People filed a brief in opposition to defendant's petition, arguing that his release would present an unreasonable risk of danger to public safety under section 1170.126, subdivision (f).
>
> On November 19, 2014, the Proposition 36 court ordered the parties to file supplemental briefs addressing whether Proposition 47's definition of "unreasonable risk of danger to public safety" was applicable to determining suitability for resentencing under Proposition 36.
>
> In early December 2014, both sides filed their respective briefs, and thereafter, the People filed two additional briefs on the issue. In their third supplemental brief filed January 2, 2015, the People alerted the court to the Fifth Appellate District's recent decision in *People v. Valencia*, supra, 232 Cal.App.4th 514, holding that Proposition 47's definition of "unreasonable risk of danger to public safety" does not apply to resentencing petitions under Proposition 36.[1] (Valencia, at p. 519, 533.)
>
> On January 14, 2015, a hearing was held on defendant's suitability for resentencing. As a preliminary matter, the Proposition 36 court indicated that it would follow the Fifth Appellate District's decision in *People v. Valencia* and would not utilize the Proposition 47 definition of "unreasonable risk of danger to public safety" in considering defendant's petition. The Proposition 36 court then found that resentencing would pose an unreasonable risk of danger to public safety and denied the petition.

Lodg. Doc. No. 7 (ECF No. 16-7 at 2-3). Before the state court of appeal, petitioner argued that the Proposition 36 court erred in refusing to apply the "unreasonable risk of danger to public safety" definition contained in Proposition 47. *Id.* at 2. The court of appeal rejected that argument. *Id.* at 2, 7. Petitioner sought review from the California Supreme Court on the same

---

[1] [footnote three in original text] As set forth above, ante footnote 2, the California Supreme Court granted review in that case on February 18, 2015.

issue (Lodg. Doc. No. 8, ECF No. 16-8) and, on November 29, 2017, it dismissed his petition for review (Lodg. Doc. No. 9, ECF No. 16-9).

Petitioner now argues that his Fourteenth Amendment right to due process was violated when the Proposition 36 court, in determining he was an "unreasonable risk of danger to public safety" refused to apply Proposition 47's definition of the same.

## Standard of Review

In the context of federal habeas claims, a motion to dismiss is construed as arising under Rule 4 of the Rules Governing Section 2254 in the United States District Courts which "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated." *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (quoting *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983)). Accordingly, a respondent is permitted to file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards in reviewing the motion. *See Hillery v. Pulley*, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982). Rule 4 specifically provides that a district court may dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

## Analysis

Respondent argues that this claim presents no cognizable federal question. The court agrees.[2] It is well settled that federal habeas relief is not available for errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). And petitioner's claim is purely one of state law. Other federal courts considering habeas claims arising under Propositions 36 or 47 have consistently found as much. *See*, *e.g.*, *Garza v. Borders*, 2017 U.S. Dist. LEXIS 7072, at *3-5 (E.D. Cal. Jan. 18, 2017) ("Petitioner fails to advance any colorable claim of a violation of the U.S. Constitution" in challenging the state court's refusal to resentence him under Proposition 47); *Foster v. California*, 2018 U.S. Dist. LEXIS 74653, at *8 (C.D. Cal. May 2, 2018) ("A claim premised on either Proposition 36 or Proposition 47 is not cognizable on federal habeas review."); *Cowan v.*

---

[2] Accordingly, the court declines to reach respondent's separate argument regarding the timeliness of the petition.

*Gastelo*, 2018 U.S. Dist. LEXIS 149487, *11 (S.D. Cal. Aug. 13, 2018) ("[T]o the extent that Petitioner seeks to challenge the state courts' specific determination that he was ineligible for resentencing under Proposition 36, that claim is not cognizable in this case because it turns solely on the interpretation of state law."). And petitioner may not, as he attempts to do here, convert a state law claim into a federal one simply by characterizing his claims as federal constitutional violations. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997) ("[The petitioner] may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process"); *see also Adams v. Borders*, 2016 U.S. Dist. LEXIS 115880, at *8 (C.D. Cal. July 29, 2016) ("The fact that Petitioner may be attempting to characterize his claim concerning resentencing under Proposition 47 as a federal constitutional claim is not sufficient to render it cognizable.") (internal citation omitted).

## Conclusion

Accordingly, it is RECOMMENDED that respondent's motion to dismiss (ECF No. 14) be GRANTED and the petition be DISMISSED for failure to state a cognizable federal question.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: August 6, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE