UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MUECK, | No. 2:18-cv-02619-TLN-EFB |
| Petitioner, | |
| v. | **ORDER** |
| HUNTER ANGLEA | |
| Respondent. | |

Petitioner Steven Mueck ("Petitioner"), a state prisoner proceeding *pro se*, has filed a Motion for Reconsideration, titled "Petitioner's Declaration in Support of Request for Reconsideration Rule 59." (ECF No. 28.)  For the reasons set forth below, Petitioner's Motion is DENIED.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On September 24, 2018, Petitioner filed a Petition for Writ of Habeas Corpus. (ECF No. 1.) Petitioner argues that the state trial court violated his Fourteenth Amendment right to due process when it refused to apply a narrower definition of "unreasonable risk of danger to public safety" to his Petition for resentencing under Proposition 36. (ECF No. 1 at 5–9.)

On November 29, 2018, Respondent Hunter Angela ("Respondent") filed a Motion to Dismiss. (ECF No. 14.) Respondent argues the Petition should be dismissed because it fails to raise a cognizable federal claim and is untimely. (ECF No. 14 at 1.) Petitioner opposed the

1  motion and Respondent replied.  (ECF Nos. 20, 22.)  On August 6, 2019, the Findings and
2  Recommendations recommended dismissal of the Petition on the basis that Petitioner failed to
3  raise a cognizable federal claim.  (ECF No. 23.)  Petitioner requested and was granted a thirty-day
4  extension of time to file objections to the Findings and Recommendations.  (ECF Nos. 24–25.)

5  On December 18, 2019, the Court adopted the Findings and Recommendations, granting
6  Respondent's Motion to Dismiss, and dismissing Petitioner's Petition for failure to state a
7  cognizable federal question.  (ECF No. 26.)  The Court entered Judgment on December 20, 2019.
8  (ECF No. 27.)  On January 21, 2020, Petitioner filed both a Notice of Appeal (ECF No. 29), and a
9  post-judgment motion styled "Declaration in Support of Request for Reconsideration Rule 59,"
10  which this Court construes as a Motion for Reconsideration.  (ECF No. 28.) In his Motion for
11  Reconsideration, Petitioner requests "an extension and one final attempt to file objections" to the
12  August 6, 2019 Findings and Recommendations.  (*Id.*)

13  On February 28, 2020, the Court of Appeals construed Petitioner's motion as one of those
14  enumerated in Rule 4(a)(4) of the Federal Rules of Appellate Procedure and directed this Court to
15  issue a decision on the motion.  (ECF No. 34.)

16  **II.    STANDARD OF LAW**

17  The Court may grant reconsideration under Federal Rules of Civil Procedure 59(e) or 60.
18  *See Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995).  "[A] motion for
19  reconsideration should not be granted, absent highly unusual circumstances, unless the district
20  court is presented with newly discovered evidence, committed clear error, or if there is an
21  intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665
22  (9th Cir. 1999) (analyzing Federal Rule 59(e) of Civil Procedure, providing for the alteration or
23  amendment of a judgment).

24  A motion to alter or amend a judgment under Rule 59(e) must be filed no later than
25  twenty-eight days after the entry of judgment.  Fed. R. Civ. P. 59(e).  Therefore, a "motion for
26  reconsideration" is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed
27  within twenty-eight days of entry of judgment; otherwise, it is treated as a Rule 60(b) motion for
28  relief from judgment or order.  *Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016); *see Am.*

*Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001). Petitioner filed his Motion for Reconsideration on January 21, 2020, thirty-two days after entry of judgement, thus this action will be analyzed under Rule 60.

Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration of a final judgment where one of more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within twenty-eight days of entry of judgment; (3) fraud, misrepresentation, or misconduct of an opposing party; (4) voiding of the judgment; (5) satisfaction of the judgment; and (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

A motion based on Rule 60(b) must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). With respect to subsections (1), (2), and (3), the motion must be filed "no more than a year after the entry of judgment or order or the date of the proceeding." *Id.* Rule 60(b)(6) goes further, empowering the court to reopen a judgment even after one year has passed. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993). However, subsections (1) through (3) are mutually exclusive of subsection (6), and thus a party who failed to take timely action due to "excusable neglect" may not seek relief more than a year after the judgment by resorting to subsection (6). *Id.* (citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863, and n.11 (1988)).

Furthermore, where the motion for reconsideration pertains to an order granting or denying a prior motion, Local Rule 230(j) requires the moving party to "[identify] what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and [explain] why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)–(4).

**III.   ANALYSIS**

As noted, the August 6, 2019 Findings and Recommendations have already been adopted. (*See* ECF No. 26.) As a result, the Court can no longer extend the deadline for filing objections to the Findings and Recommendations. To the extent Petitioner seeks relief from judgment, the motion is DENIED.

  First, to the extent Petitioner's Motion for Reconsideration is brought pursuant to Rule 59, it is untimely. Fed. R. Civ. P. 59. Rule 59 states that the Petitioner's motion must be filed within twenty-eight (28) days after the entry of judgement. Fed. R. Civ. P. 59(b). Here, Petitioner filed the instant motion thirty-three (33) days after the entry of judgment. (ECF No. 28.)

  Furthermore, construing Petitioner's motion as a Motion for Reconsideration under Rule 60(b)(1), it lacks merit. In a two-page motion that Petitioner styles as a "Declaration," Petitioner appears to argue that he could not file objections to the Findings and Recommendations due to excusable neglect. (*Id.* at 1–2.) Specifically, Petitioner asserts he could not submit his objections for the following reasons: (1) Petitioner allegedly received total knee replacement surgery, for which he was transferred to a "medical yard for care, treatment etc." on September 30, 2019; and (2) Petitioner claims there was a prison lockdown from December 2 to December 31, 2019. (*Id.* at 1–2.) For those reasons, Petitioner argues he could not file Objections to the Findings and Recommendations before the Order and Judgment were issued by the Court. (*Id.* at 2.) Thus, Petitioner is requesting the Court to grant his Motion for Reconsideration so he can file Objections to the Findings and Recommendations. (*Id.* at 2.)

  Petitioner's arguments are unavailing. The Findings and Recommendations were filed on August 6, 2019, nearly two months before Petitioner claims he was incapable of filing objections due to his surgery. (ECF No. 23.) Additionally, Petitioner received a thirty-day extension of time, which provided ample time for Petitioner to file objections even after his surgery or, alternatively, to request another extension of time. (ECF No. 24.) Yet Petitioner failed to do either, and on December 20, 2019, after Petitioner's extension of time had long since expired and having received no objections, this Court adopted in full the Findings and Recommendations and dismissed the Petition. (ECF No. 26.) Petitioner's argument that he could not timely file Objections to the Findings and Recommendations because of a lockdown that occurred in December 2019 is also unavailing. The purported lockdown occurred a month and a half after the date Petitioner's objections were due.

  Finally, Petitioner fails to articulate any objections to the Findings and Recommendations, new arguments, new or different facts, or new circumstances to meet the threshold for

reconsideration, including the requirements set forth under Local Rule 230(j). E.D. Cal. L.R. 230(j)(3)–(4). Accordingly, Petitioner fails to satisfy the requirements under Rule 60. For these reasons, Petitioner's motion must be DENIED.

### IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion for Reconsideration is hereby DENIED. (ECF No. 28.)

IT IS SO ORDERED.

DATED: May 5, 2020

Troy L. Nunley
United States District Judge